UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

DIXIE D. DIXON,

        Debtor.

Case No. A07-00209-DMD
Chapter 11

**Filed On
5/17/07**

## MEMORANDUM REGARDING EXTENSION OF
## CREDIT COUNSELING DEADLINE

The debtor does business as Tiffany's Café and Catering. She had a lease with Calais Corporation for her café. The debtor missed several of her monthly lease payments. She attempted to work out her default with Calais in early April of 2007. Her attempt was unsuccessful. Calais filed a forcible entry and detainer action in state court seeking to evict her on April 11, 2007. The debtor contested the action and a hearing on the eviction was set for April 23, 2007. The debtor contacted attorney Kevin Anderson around April 16, 2007. He represented her at the eviction hearing, which she lost. Anderson offered to prepare her bankruptcy petition. On April 26 or 27, Kelly, a paralegal employed by Mr. Anderson, contacted Consumer Credit Counseling Service of Alaska. She attempted to arrange a counseling session for the debtor. The earliest time available was May 1, 2007, at 2:00 P.M. The debtor filed for Chapter 11 relief on April 27, 2007, at 3:56 P.M. She filed a certification with the petition which stated in part:

> I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the

> following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my case now . . . Forced to file quickly because of an impending business eviction. Registered for class on May 1, 2007, 2:00 P.M.

She also filed a pleading entitled "Motion to Extend Deadline for Credit Counseling." The debtor attended a credit counseling session on May 1, 2007. She obtained a credit counseling certificate that she filed with the court on May 4, 2007. A hearing on the motion to extend deadline was held on May 8, 2007.

11 U.S.C. § 109(h)(1) states that an individual may not be a debtor unless she has obtained a briefing from an approved credit counseling agency during the 180 day period preceding her filing. There is an exception to this rule. Under 11 U.S.C. § 109(h)(3)(A), a debtor may obtain a brief deferral of the credit counseling requirement by submitting a certification that:

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.[1]

Each element of § 109(h)(3)(A) must be met to qualify for the exception.[2] I find that the debtor's imminent loss of her business location constitutes exigent circumstances that merit a temporary waiver of the credit counseling requirement. The five

---

[1] 11 U.S.C. § 109(h)(3)(A).

[2] *In re Childs*, 335 B.R. 623 (Bankr. D.Md. 2005).

2

day period of (ii) began on April 26th, 2007 and expired on April 30th.  The debtor meets the requirement set forth in subparagraph 109(h)(3)(A)(ii).  The temporary waiver is acceptable to the court.  All of the elements necessary for a temporary exception to the credit counseling requirement have been met.  The debtor's motion will be granted.

DATED: May 17, 2007.

                                          BY THE COURT

                                          /s/ Donald MacDonald IV
                                          DONALD MacDONALD IV
                                          United States Bankruptcy Judge

Serve:     C. Johansen, Esq.
             Debtor
             U. S. Trustee
             R. Schmidt, Esq.

                  05/17/07