# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

DIXIE D. DIXON,

    Debtor.

Case No. A07-00209-DMD

Chapter 11

**Filed On 5/31/07**

## MEMORANDUM REGARDING RELIEF FROM STAY

The debtor does business as Tiffany's Café and Catering. She had a lease with Calais Company, Inc. for her café. She breached her lease by failing to pay rent for part of February and all of March, 2007. She also failed to pay common area maintenance charges for the fourth quarter of 2006 and late fees. Calais executed two notices of default on March 22, 2007 and served the debtor on March 23, 2007. The debtor did not remedy her defaults and failed to surrender the business premises. Calais filed a forcible entry and detainer action in state district court on April 11, 2007. The debtor contested the action through counsel. A hearing was held on April 23, 2007. The state district court ruled in favor of Calais and issued a judgment and writ of assistance which required the debtor to vacate the premises by April 27th, 2007 at 5:00 P.M. The debtor filed Chapter 11 on April 27, 2007 at 3:56 P.M. Calais filed a motion for relief from stay on May 2, 2007. The debtor filed an opposition to the motion and a hearing was held on May 29th, 2007.

While the parties have cited a number of cases in support of their positions, they have not cited the leading ninth circuit precedent, *City of Valdez v. Waterkist*

*Corporation*.[1]  In the Valdez case, the city sought to terminate the stay with respect to a leased fish processing warehouse.  The ninth circuit affirmed a district court ruling in favor of the Chapter 11 debtor, Waterkist Corporation.  The court found that the lease was terminated under applicable state law prior to filing the bankruptcy petition.  It stated:

> In this case Waterkist retained a naked possessory interest in the processing plant at the time the bankruptcy petition was filed.  Even, though the lease was terminated before the bankruptcy petition was filed, the City would have to bring an unlawful detainer action to regain possession.  The Alaska courts would consider the equities of the situation before allowing the City to enforce the forfeiture of the lease term in the unlawful detainer action.[2]

The ninth circuit found that the equities strongly favored Waterkist as it had invested over one million dollars in improvements on the leased premises.  The City's default was for only $27,301.52.  The court allowed the debtor to assume the lease.

Here the situation is substantially different.  While the debtor's lease was terminated pre-petition as in *Waterkist*, the debtor has submitted no evidence of a forfeiture. Moreover, any such defense should have been argued in the contested unlawful detainer action. Because Calais prevailed in the unlawful detainer action, the debtor has no interest in the leased premises, other than naked possession.  "A tenant who is guilty of unlawful detainer cannot possibly have the right to possession of the property.  He may still be in

---

[1] *(In re Waterkist Corporation)*, 775 F.2d 1089 (9th Cir. 1985).

[2] *City of Valdez v. Waterkist Corporation*, 775 F.2d at 1092.

possession of the property, but his possession is not rightful; it is unlawful."[3] Calais has cause for relief from the stay. It's motion will be granted.

   DATED: May 31, 2007.

                BY THE COURT

                /s/ Donald MacDonald IV
                DONALD MacDONALD IV
                United States Bankruptcy Judge

Serve:   C. Johansen, Esq.
      R. Schmidt, Esq.
      U. S. Trustee

05/31/07

---

[3] *Windmill Farms v. Buchbinder (In re Windmill Farms),* 841 F.2d 1467, 1470 (9th Cir. 1987).